THE STATE OF OHIO, APPELLEE, *v.* HARDY, APPELLANT.

(No. 166—Decided December 22, 1941.)

*Mr. James W. Williamson,* prosecuting attorney, for appellee.

*Mr. Edwin S. Barger,* for appellant.

LLOYD, J. Defendant, Herman Hardy, appeals to this court on questions of law from a judgment of the Court of Common Pleas, entered on a finding of guilty of unlawfully operating, on September 29, 1941, in the county of Lucas, ''a certain farm truck on a public highway in said county aforesaid·for commercial purposes and for purposes other than exclusively in farm use as defined in Section 6292 of the Ohio General Code, and contrary to the provisions of said section.''

The facts are not in dispute. Hardy was an employee of Saunders Mills, Inc., an Ohio corporation having an office in Toledo and engaged in the business of handling, harvesting and processing alfalfa hay and producing therefrom alfalfa meal. It produces two types of ·alfalfa meal: (1) Sun-cured, made of hay cured or dried on the fields where grown, and (2) dehydrated, made of ground alfalfa, cured after being hauled from the fields to the dehydrating plant. Saunders Mills, Inc., purchased of a farmer nine and one-half acres of growing alfalfa for $40, to be cut and harvested by the company. At the time of his arrest, Hardy was transporting a load of this alfalfa to the plant of the company. The tractor and truck bore ''farm'' license plates, the tax paid therefor being the limited fee provided by Section 6292, General Code, for trucks used

exclusively by farmers in farm use as therein defined. It is contended by Hardy that, as an employee of Saunders Mills, Inc., he was so using the truck and tractor in the transportation of the alfalfa which had been cut and harvested by his employer for the reason that his employer, to the extent that it had the right to go upon the land of the farmer to cut and harvest the growing alfalfa, was a farmer engaged in the business of farming. This contention seems not to have been within the contemplation and intent of the statute as expressed therein. It provides in part that:

"For each farm truck which is owned, controlled or operated by one or more farmers exclusively in farm use as hereinafter defined, and not for commercial purposes * * *.

"For the purposes of this act, use of a farm truck is defined as one used in the transportation from the farm of products of the farm, including livestock and its products, poultry and its products, floricultural and horticultural products * * *."

The primary and, in fact, only business of Saunders Mills, Inc., as shown by the record herein, was the processing of alfalfa hay and producing meal therefrom. Its vocation was not that of a farmer. Clearly it did not own, control or operate a farm within the meaning of the statute and it was not entitled to the benefit of the license fee which the statute accords to farmers.

The judgment of the Court of Common Pleas is therefore affirmed.

*Judgment affirmed.*

OVERMYER and CARPENTER, JJ., concur.